[Cite as *State v. Starr*, 2016-Ohio-8179.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-COA-019 |
| MARK M. STARR | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal appeal from the Ashland County
                            Court of Common Pleas, Case No. 15-CRI-
                            027


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     December 9, 2016


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

EMILY BATES                          RUTH FISCHBEIN-COHEN
CHRISTOPHER TUNNELL                  3552 Severn Road #613
110 Cottage Street                   Cleveland, OH 44118
Third Floor
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Appellant Mark Starr ["Starr"] appeals his conviction and sentence after a negotiated guilty plea in the Ashland County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Starr sold heroin to an undercover police officer. Seated in the back seat of Starr's car was his infant child. Starr was indicted on one count of trafficking in heroin in the vicinity of a juvenile [F3]; one count of possession of marihuana [MM]; one count of endangering children [M1] and one count of possession of criminal tools [F5].

{¶3} In exchange for his plea of guilty to the trafficking count and the child endangerment count the state dismissed the marihuana count and the criminal tools count.

{¶4} On May 2, 2016, the trial court sentenced Starr to 18 months in prison on the trafficking count; 120 days in jail on the child endangerment count, concurrent. The sentences were ordered to be served consecutively to a sentence Starr was serving out of the Richland County Court of Common Pleas.

*Assignments of Error*

{¶5} Starr raises three assignments of error,

{¶6} "I. THE COURT ERRED IN SENTENCING MARK STARR SEPARATELY FOR TRAFFICKING IN HEROIN AND SEPARATELY FOR CHILD ENDANGERING.

{¶7} "II. MARK STARR'S DUE PROCESS WAS VIOLATED WHEN HE MADE HIS PLEA OF GUILTY NOT KNOWINGLY AND NOT INTELLIGENTLY.

{¶8} "III. THE COURT ERRED IN SENTENCING MARK STARR ABSENT MAKING STATUTORY FINDINGS."

I.

**{¶9}** Starr argues that his right to be free from double jeopardy was violated when the trial court sentenced him separately for the offense of trafficking in the vicinity of a juvenile and child endangerment. Specifically, Starr contends that because the trafficking charge was elevated from a fourth degree felony to a third degree felony due to the presence of his child in the car, he has already been punished for the child's presence and he cannot be punished a second time via the child endangerment charge. Starr contends the charges are allied offenses and should have merged for sentencing.

**{¶10}** In this case, Starr failed to object to his sentences in the trial court. In *State v. Rogers*, the Ohio Supreme Court recently examined a case where the defendant was convicted of multiple offenses pursuant to a guilty plea. *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860. The defendant appealed and argued for the first time on appeal that some of the convictions should have merged for sentencing. Id. at ¶ 11. The matter was certified as a conflict and presented to the Ohio Supreme Court. In making its decision, the Court clarified the difference between waiver and forfeiture as it pertains to allied offenses. Id. at ¶ 19–21. The Court rejected the argument that by entering a guilty plea to offenses that could be construed to be two or more allied offenses of similar import, the accused waives the protection against multiple punishments under R.C. 2941.25. Id. at ¶ 19. The Court held that an accused's failure to seek the merger of his or her convictions as allied offenses of similar import in the trial court, the accused forfeits his or her allied offenses claim for appellate review. Id. at ¶ 21. "[F]orfeiture is the failure to timely assert a right or object to an error, and * * * 'it is a well-established rule that "an appellate court will not consider any error which counsel for a party

complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *Rodgers* at ¶ 21.

{¶11} The accused may raise a forfeited claim on appeal through Crim.R. 52(B). Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Court held in *Rogers:*

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

143 Ohio St.3d 385, 2015–Ohio–2459, ¶ 3; *Accord, State v. Williams,* Oh.Sup.Ct. No. 2015-1478, 2016-Ohio-7658, 2016 WL 6646162(Nov. 10, 2016), ¶25*.*

{¶12} The Court in *Rogers* reaffirmed that even if an accused shows the trial court committed plain error affecting the outcome of the proceeding, the appellate court is not required to correct it. Id. at ¶ 23. The Supreme Court stated:

[W]e have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" (Emphasis added.) *Barnes* at 27, 94 Ohio St.3d 21, 759 N.E.2d 1240, *quoting State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

*Rogers* at ¶ 23.

{¶13} R.C. 2941.25, Multiple counts states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶14} In *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence,

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses

involving separate victims or if the harm that results from each offense is separate and identifiable.

*Ruff*, at syllabus. The Court further explained,

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

* * *

An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

R.C. 2925.03 (A) provides:

{¶15}  (A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance or a controlled substance analog;

* * *

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, hashish, and controlled substance analogs, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:

* * *

b) Except as otherwise provided in division (C)(1)(c), (d), (e), or (f) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, aggravated trafficking in drugs is a felony of the third degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶16} R.C. 2919.22 Endangering Children provides,

(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.

{¶17} Relative to the case at bar, endangering children requires that Starr be the parent of the child and that he, as a parent, create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. Trafficking in heroin does not require the offender be the parent, guardian or custodian of the child. For example, if the offender sells heroin on the street corner and a child who is a stranger to the offender is standing on the opposite street corner, the offender can be convicted of trafficking in the vicinity of a juvenile; however the offender cannot be convicted of child endangering.

{¶18} In this case, Starr violated a duty of care, protection, or support by placing the child in the car with the intent to sell heroin. Starr created a substantial risk to the health or safety of the child by placing the child into the car and driving to a location to make a drug deal.

{¶19} Pursuant to *Rodgers,* it is Starr's burden to demonstrate a reasonable probability that his convictions were for allied offenses of similar import committed with the same conduct and without a separate animus. Because the elements of child endangerment and trafficking in heroin in the vicinity of a juvenile in this case demonstrate different elements, we find that Starr has failed to demonstrate any probability that he was convicted of allied offenses of similar import committed with the same conduct and the same animus. Thus, Starr's double jeopardy rights were not violated by the trial court's sentence.

{¶20} Starr's first assignment of error is overruled.

II.

{¶21} In his second assignment of error, Starr argues that his plea was not knowing, intelligent and voluntary. Specifically, Starr contends that the trial court did not insure the he "knew and understood" his rights.

{¶22} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. See, *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

{¶23} It is also well established that a defendant need not have a complete or technical understanding of each constitutional rights, such as the jury trial right, in order

to knowingly and intelligently waive it. *State v. Bays*, 87 Ohio St.3d 15, 20, 716 N.E.2d 1126 (1999). In *State v. Jells,* the Ohio Supreme Court held:

> There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel.

53 Ohio St.3d 22, 25–26, 559 N.E.2d 464(1990). This test applies to other constitutional rights as well. *See, State v. Truitt,* 10th Dist. Franklin No. 10AP-795, 2011-Ohio-2271 (jury trial and right to remain silent); *State v. Ballard,* 6th Dist. Lucas No. L-04-1070, L-05-1027, 2006-Ohio-1863 (right to compel attendance of witnesses).

**{¶24}** Further, evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261, 527 N.E.2d 844, 854(1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375, 99 S.Ct. 1755, 1758-1759, 60 L.Ed.2d 286, 293(1979); *State v. Dennis*, 79 Ohio St.3d 421, 425, 1997-Ohio-372, 683 N.E.2d 1096, 1102(1997).

**{¶25}** In the case at bar, Starr was represented by counsel. A written plea of guilty form signed by Starr, defense counsel, the prosecutor and the trial judge was filed on December 30, 2015. A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner,* 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, ¶25. Further, the trial court conducted a lengthy inquiry concerning each of Starr's constitutional rights during the change of plea hearing on December 30, 2015.

**{¶26}** We reviewed the transcript of the hearing at which the trial court conducted

the plea colloquy required by Crim.R. 11 and determined that the court substantially complied with Crim.R. 11(C)(2)(a) and (b) and strictly complied with Crim.R. 11(C)(2)(c).

{¶27} We further note in the case at bar that, Starr through counsel, filed a motion to withdraw his guilty plea with the trial court before sentencing on February 19, 2016. The reasons asserted in the motion were that Starr wanted to proceed with a jury trial on the charges and he desired to preserve a speedy trial argument for appeal. The court scheduled a hearing on the motion for May 1, 2016 by Judgment Entry filed April 4, 2016. On April 20, 2016, Starr through counsel filed a written motion to withdraw his motion. By Judgment Entry filed April 29, 2016, the trial court granted Starr's motion to withdraw his previously filed motion to withdraw his guilty plea. Clearly, Starr had an understanding of his constitutional rights.

{¶28} Starr's second assignment of error is overruled.

III.

{¶29} In his third assignment of error, Starr argues the trial court failed to set forth the R.C. 2929.12 sentencing factors that it considered when sentencing Starr in the case at bar.

{¶30} The two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 no longer applies to appellate review of felony sentences. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* __Ohio St.3d__, 2016–Ohio–1002, __N.E.3d ___, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not

support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.  *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶31}  Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.  *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985).  "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."  *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

{¶32}  In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing.  The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."  *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306;  *State v. Firouzmandi*, 5th Dist. Licking  No. 2006-CA-41, 2006-Ohio-5823.

{¶33}  "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)."  *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C.

2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

**{¶34}** Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶35}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶36}** Prior to sentencing, the trial court stated that it had considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has

no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry. The record contains the statements of counsel, Starr's allocution and the pre-sentence investigation report.

{¶37} Starr was sentenced for a felony of the third degree. The sentencing range for a third degree felony is nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). Starr was given a sentence of eighteen months, which is within the statutory range.

{¶38} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Starr regarding post release control.

{¶39} We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. While Starr may disagree with the weight given to these factors by the trial judge, Starr's sentence was within the applicable statutory range for a felony of the third degree and therefore, we have no basis for concluding that it is contrary to law.

{¶40} Smith's third assignment of error is overruled.

{¶41} The judgment of the Ashland County Court of Common Pleas, Ashland County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur