[Cite as *State v. Wolfe*, 2022-Ohio-117.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2021-0021 |
| SKYLIE WOLFE | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
                            County Court of Common Pleas, Case No.
                            CR2020-0593

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     January 18, 2022

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RON WELCH                             JAMES A. ANZELMO
Muskingum County Prosecutor           446 Howland Drive
BY:JOHN CONNOR DEVER                  Gahanna, OH 43230
Assistant Prosecutor
27 North Fifth Street
Box 189
Zanesville, OH 43702

*Gwin, P.J.*

{¶1}    Defendant-appellant Skylie Wolfe ["Wolfe"] appeals her sentences after a negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    On October 23, 2020, Wolfe was stopped because the vehicle that she was driving did not have a license plate light illuminating the rear license plate of the vehicle. (Plea T. at 11).  Ultimately, Wolfe was arrested for OVI. (Plea T. at 12). The officer who made the traffic stop observed a glass smoking pipe with residue on the driver's seat in plain view. A search of the vehicle revealed a plastic smoking pipe with residue inside of a brown purse. (Plea T. at 12). Further, a review of the video from the cruiser's inside camera showed Wolfe, while seated in the back of the patrol car, taking something out of her bra and stuffing it inside of her pants. When Wolfe was questioned, she admitted to placing marijuana inside of her. Wolfe further admitted to dropping methamphetamine powder on the driver's side of the floorboard. (Plea T. at 12).

{¶3}    On November 6, 2020, troopers observe a silver Jeep westbound on U.S. 22 with no functioning taillights.  The vehicle was weaving heavily while traveling outside of marked lanes.  A traffic stop was initiated. The driver was identified as Wolfe. (Plea T. at 12-13).  A K-9 was called to the scene and there was a positive alert to the presence of narcotics in the vehicle. A search revealed suspected drugs and drug paraphernalia. Specifically, the troopers observed a bag with a faded print that said "Skylie's drug bag", containing a large amount of empty baggies, a digital scale, a needle, and a baggy of a white, crystal-like substance. Testing identified the substance as .38 grams of

methamphetamine. (Plea T. at 13). When asked about the items, Wolfe stated they were hers.

{¶4} Wolfe was indicted on one count of Tampering with Evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1); two counts of possession of Drug Paraphernalia, misdemeanors of the fourth degree in violation of R.C. 2925.14(C)(1); one count of Possession of Drug Abuse Instruments, a misdemeanor of the second degree in violation of R.C. 2925.12(A); and one count of Possession of Methamphetamine, a felony of the fifth degree in violation of R.C. 2925.11(A). On January 28, 2021, a Bench Warrant was issued for Wolfe when she missed a scheduled drug test. *See,* Docket Entry Number 23. On March 29, 2021, Wolfe pled guilty to the charges contained in the indictment

{¶5} On February 22, 2021, the trial court sentenced Wolfe to twelve months on the Tampering with Evidence count; 30 days local incarceration for each of the Drug Paraphernalia charges; twelve months on the Possession of Methamphetamine count and ninety days of local incarceration on the Possession of Drug Abuse Instruments count. The trial court ordered the sentences to run concurrently for an aggregate prison sentence of twelve months.

*Assignments of Error*

{¶6} Wolfe raises two Assignments of Error,

{¶7} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED WOLFE TO PRISON, INSTEAD OF COMMUNITY CONTROL, IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶8} "II. THE TRIAL COURT ERRED BY FAILING TO MERGE WOLFE'S DRUG PARAPHERNALIA AND DRUG INSTRUMENT OFFENSES INTO THE ACCOMPANYING DRUG POSSESSION OFFENSE, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I.

{¶9} In her First Assignment of Error, Wolfe maintains that the trial court erred by sentencing her to prison rather than imposing a Community Control Sanction.

**Standard of Appellate Review.**

{¶10} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either* the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or* the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of

facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

**Issue for Appellate Review:** *Whether the record clearly and convincing does not support Wolfe's sentence under* 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I).

**R.C. 2929.13(B)**

{¶12} R.C. 2929.13(B)(1)(a) includes a presumption for community control if an offender is convicted of, or pleads guilty to, a felony of the fourth or fifth degree that is not an offense of violence.

{¶13} R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. Wolfe pled guilty to Tampering with Evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1). Accordingly, R.C. 2929.13(B) does do apply in Wolfe's case.

**R.C. 2929.13(C)**

{¶14} R.C. 2929.13(C) applies to one convicted of a third-degree felony. Wolfe pled guilty to Tampering with Evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1).

{¶15} R.C. 2919.13(C) provides,

> (C) Except as provided in division (D), (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply

with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

{¶16} Thus, the legislature has provided no presumption either in favor of or against imprisonment upon conviction of a third degree felony.

### R.C. 2929.13(D).

{¶17} R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable. This provision does not apply to Wolfe's case.

### R.C. 2929.14 (B)(2)(e)

{¶18} R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Wolfe was not given an additional prison sentence.

### R.C. 2929.14 (C)(4) Consecutive Sentences

{¶19} This factor is not applicable to Wolfe's case as Wolfe was given concurrent sentences.

### R.C. 2929.20

{¶20} R.C. 2929.20 (I) is inapplicable as Wolfe was not applying to the court for judicial release.

**R.C. 2929.11 and R.C. 2929.12**

{¶21} Recently, the Ohio Supreme Court reviewed the issue of "whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. A plurality of the Court in *Jones* found,

> Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence. *See State v. Hundley*, —— Ohio St.3d ——, 2020-Ohio-3775, —— N.E.3d —, ¶ 128 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope).

2020-Ohio-6729, ¶ 42. The Court in *Jones* noted that,

> R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that "the record does not support the sentencing court's findings under" certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.

2020-Ohio-6729, 2020 WL 7409669, ¶ 28. The plurality concluded,

> R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.

2020-Ohio-6729, 2020 WL 7409669, ¶39. The Court clarified,

> The statements in *Marcum* at ¶ 23 suggesting that it would be "fully consistent" with R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or 2929.12 were made only in passing and were not essential to this court's legal holding. The statements are therefore dicta.

2020-Ohio-6729, ¶ 27.

{¶22} In the case before us, we note that in sentencing Wolfe the trial judge observed,

> Well, the Court has received the presentence investigation, had an opportunity to review the same. The Court would note for the record, you entered pleas of guilty to a felony of the third degree, a misdemeanor of the fourth degree, a felony of the fifth degree, and a misdemeanor of the second degree.
>
> Upon review of the presentence investigation, the Court would note several things. First, your bond was revoked in this case at one point in time. Court also knows that during your history you've been to Shepherd Hill. You've been to Muskingum Behavioral Health. You've been to a place over in Cambridge, I believe. You've been to several types of treatment

involving either Suboxone or Vivitrol. You've also been under counseling

out of the Family Dependency Court as a juvenile. All of which you've never

successfully completed virtually anything. You go for a while and go

someplace else, do something else, use some other excuse, and continue

to use.

Sent. T. at 5. The trial judge specifically found Wolfe was not amenable to community control. Id.

{¶23} We conclude that the trial court did not commit error when it sentenced Wolfe. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. While Wolfe may disagree with the weight given to these factors by the trial judge, Wolfe's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39.

{¶24} Wolfe's First Assignment of Error is overruled.

II.

{¶25} In her Second Assignment of Error, Wolfe contends that the trial judge erred by sentencing her on one count of Possession of Drug Paraphernalia and one count of possession of Drug Abuse Instruments. Wolfe maintains that those charges should merge with the Possession of Methamphetamine count for sentencing as allied offenses

of similar import because each charge resulted from the November 6, 2020 traffic stop. [Appellant's Brief at 3].

**Standard of Review – Plain Error**

{¶26} In this case, Wolfe failed to object to her sentences in the trial court. In *State v. Rogers*, the Ohio Supreme Court recently examined a case where the defendant was convicted of multiple offenses pursuant to a guilty plea. *State v. Rogers* 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860. The defendant appealed and argued for the first time on appeal that some of the convictions should have merged for sentencing. Id. at ¶ 11. The matter was certified as a conflict and presented to the Ohio Supreme Court.

{¶27} In making its decision, the Court clarified the difference between waiver and forfeiture as it pertains to allied offenses. Id. at ¶19–21. The Court rejected the argument that by entering a guilty plea to offenses that could be construed to be two or more allied offenses of similar import, the accused waives the protection against multiple punishments under R.C. 2941.25. Id. at ¶ 19. The Court held that an accused's failure to seek the merger of his or her convictions as allied offenses of similar import in the trial court, the accused forfeits his or her allied offenses claim for appellate review. Id. at ¶ 21. "[F]orfeiture is the failure to timely assert a right or object to an error, and * * * 'it is a well-established rule that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." 'Id. at ¶ 21.

{¶28} The accused may raise a forfeited claim on appeal through Crim.R. 52(B). Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be

noticed although they were not brought to the attention of the court." The Court held in *Rogers:*

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

2015–Ohio–2459, ¶ 3. The Court in *Rogers* reaffirmed that even if an accused shows the trial court committed plain error affecting the outcome of the proceeding, the appellate court is not required to correct it. Id. at ¶ 23. The Supreme Court stated:

> We have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' "(Emphasis added.) *Barnes* at 27, 759 N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

*Rogers* at ¶ 23. *Accord, State v. Carr,* 5th Dist. Ashland No. 15-CA-00007, 2016-Ohio-9, ¶ 10- 12; *State v. Starr,* 5th Dist. Ashland No. 16-COA-019, 2016-Ohio-8179, ¶10-12.

**Issue for Appellate Review**: *Whether the trial court committed plain error by not merging Wolfe's convictions as allied offenses.*

{¶29}  R.C. 2941.25, Multiple counts states:

Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶30}   In *State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence,

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Ruff,* at syllabus. The Court further explained,

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

* * *

*Ruff*, 143 Ohio St.3d 114, ¶25.   An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

{¶31}  On November 6, 2020, Wolfe admitted to possessing empty baggies, a digital scale, a needle, and a baggy of a white, crystal-like substance later determined to be methamphetamine.

{¶32}  R.C. 2925.12 Possession of Druga Abuse Instruments provides in relevant part,

(A) No person shall knowingly make, obtain, possess, or use any instrument, article, or thing the customary and primary purpose of which is for the administration or use of a dangerous drug, other than marihuana, *when the instrument involved is a hypodermic or syringe*, whether or not of crude or extemporized manufacture or assembly, and the instrument,

article, or thing involved has been used by the offender to unlawfully administer or use a dangerous drug, other than marihuana, or to prepare a dangerous drug, other than marihuana, for unlawful administration or use.

Emphasis added. Clearly, this section only applies to the *hypodermic or syringe* admittedly possessed by Wolfe.

{¶33}  R.C. 2925.14 Use, Possession, or Sale of Drug Paraphernalia; Exemptions; Forfeiture, provides in relevant part,

(A) As used in this section, "drug paraphernalia" means any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter. "Drug paraphernalia" includes, but is not limited to, any of the following equipment, products, or materials that are used by the offender, intended by the offender for use, or designed by the offender for use, in any of the following manners:

* * *

(6) A scale or balance for weighing or measuring a controlled substance;

* * *

(10) A capsule, balloon, envelope, or container for packaging small quantities of a controlled substance;

\* \* \*

(11) A container or device for storing or concealing a controlled substance;

\* \* \*

(12) A hypodermic syringe, needle, or instrument for parenterally injecting a controlled substance into the human body;

{¶34} The scales, baggies and pouch containing these items would be considered to be "drug paraphernalia" under R.C. 2925.14. Although the hypodermic syringe or needle could also be considered "drug paraphernalia" it could also be considered to be a Drug Abuse Instrument pursuant to R.C. 2925.12(A). At the time of the November 6, 2020 traffic stopped the officers noted that Wolfe's driving was erratic, her arms and hands were visibly shaking, and she appeared to have small holes resembling injection sites in her neck. (Plea T. at 12-13). Thus, the evidence supports an inference that the hypodermic syringe or needle had been used by Wolfe to unlawfully administer or use a dangerous drug, other than marihuana.

{¶35} Because the evidence related to the Possession of Drug Abuse Instruments is separate and distinct from the evidence supporting the Possession of Drug Paraphernalia count, Wolfe has failed in her burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus.

{¶36} Wolfe was additionally charged with possessing methamphetamine a controlled substance. R.C. 2925.11(A) prohibits an individual from knowingly obtaining, possessing, or using a controlled substance or a controlled substance analog. In addition to the drugs and the hypodermic syringe or needle, Wolfe also possessed a digitals scale and empty baggies. Those items are unnecessary to the personal use of the drug. Thus, from the record it would appear that Wolfe possessed the drugs separately, and with a separate animus or motivation.

{¶37} Wolfe did not raise the merger argument during her sentencing hearing. Wolfe points to no evidence in the record before us to establish that Wolfe's only motivation for possession the methamphetamine was her own personal use as opposed to potentially packaging and reselling the drug, or facilitating another individual's use of the drug.

{¶38} Wolfe has failed in her burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus.

{¶39} Wolfe's Second Assignment of Error is overruled.

{¶40} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, and

Delaney, J., concur