[Cite as *State v. Patton*, 2022-Ohio-3567.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KEVIN PATTON, | : | Case No. 2021 CA 0017 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County
Court of Common Pleas, Case No.
2020-CR-0671N

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 6, 2022

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GARY BISHOP                                      MATTHEW J. MALONE
Richland County Prosecutor              The Law Office of Matthew J. Malone, LLC
10 East Main Street
By: PHILIP D. BOGDANOFF             Ashland, Ohio  44805
Special Assistant Prosecuting Attorney
38 South Park Place, 2nd Floor
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1} Appellant, Kevin Patton, appeals the Richland County Court of Common Pleas decision to sentence him on a count of Attempted Murder and a count of Improperly Discharging a Firearm at or into a Habitation rather than merging the counts. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} Patton objected to Albert Hackett's relationship with his Mother, Andrea Patton and, on September 15, 2020, he expressed his objection by attempted to kill Hackett with a firearm. Despite being at close range and having two opportunities to fire his weapon, Patton was unsuccessful and was chased off by the wounded Hackett.

{¶3} Appellant and his Mother both had a positive relationship with Hackett, but the relationship between Appellant and Hackett soured when Patton knocked on his door early one morning and ran off, waking Hackett when he was scheduled to work early in the morning. That incident prompted Hackett to decide he no longer wanted to see Patton.

{¶4} On September 15, 2020 at 2:30 p.m. Hackett, Andrea Patton and a third person, Lavonia Crutcher were at Hackett's home, on the porch, playing cards. Patton and Crutcher were speaking with Appellant via cellphone and Hackett told Patton that he did not want Appellant at his home. Within ten minutes, Appellant appeared and began making disparaging remarks about Hackett to his Mother. He and Hackett exchanged words and the conversation became heated. Hackett told Patton to leave but he would not. Patton pulled out a gun and backed off the porch as Hackett came across the table toward him. Patton shot three times at Hackett, who was still on the porch and Hackett

realized he had been hit, but that did not stop him and he began chasing Patton down the street.

{¶5} Patton shot at Hackett a fourth time and escaped from Hackett. Hackett returned home, told his guests to leave and called 911 for treatment of his wounds.

{¶6} A neighbor witnessed and recorded a portion of the confrontation on her cell phone. The thirteen second video shows Hackett chasing Patton and Patton firing his last shot at Hackett.

{¶7} The Mansfield Police were dispatched to the scene and as one officer approached, he saw Patton driving in the opposite direction in a red SUV that was later driven by Patton's Mother. A detective responded to the scene and discovered three nine millimeter shell casings in the driveway and sidewalk near Hackett's house and another further west on the sidewalk. All were fired from the same gun.

{¶8} Patton was arrested and charged with Attempted Murder in violation of R.C. 2903.02 and 2923.02, a felony of the first degree; Felonious Assault in violation of R.C. 2903.11, a felony of the second degree; Improperly Discharging Firearm at or into a Habitation in violation of R.C. 2923.161, a felony of the second degree; and Having Weapons While Under Disability in violation of R.C. 2923.13, a felony of the third degree. The jury convicted him on all counts, the trial court merged the Felonious Assault charge with the Attempted Murder charge and imposed an aggregate sentence of twenty-five to thirty and one-half years in prison, plus 813 days.

{¶9} Patton filed a timely appeal and submitted one assignment of error:

**{¶10}** "I. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT SEPARATELY FOR THE OFFENSES OF ATTEMPTED MURDER AND IMPROPERLY DISCHARGING A FIREARM AT OR INTO A HABITATION."

**ANALYSIS**

**{¶11}** Patton failed to object to his sentence in the trial court. In *State v. Rogers*, the Ohio Supreme Court examined a case where the defendant was convicted of multiple offenses pursuant to a guilty plea. *State v. Rogers* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860. The defendant appealed and argued for the first time on appeal that some of the convictions should have merged for sentencing. *Id.* at ¶ 11. The matter was certified as a conflict and presented to the Ohio Supreme Court. In making its decision, the Court clarified the difference between waiver and forfeiture as it pertains to allied offenses. *Id.* at ¶ 19–21. The Court rejected the argument that by entering a guilty plea to offenses that could be construed to be two or more allied offenses of similar import, the accused waives the protection against multiple punishments under R.C. 2941.25. *Id.* at ¶ 19. The Court held that by failing to seek the merger of his or her convictions as allied offenses of similar import in the trial court, the accused forfeits his or her allied offenses claim for appellate review. *Id.* at ¶ 21. "[F]orfeiture is the failure to timely assert a right or object to an error, and * * * 'it is a well-established rule that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." ' " *Id.* at ¶ 21.

**{¶12}** The accused may raise a forfeited claim on appeal through Crim.R. 52(B). Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be

noticed although they were not brought to the attention of the court." The Court held in *Rogers:*

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

143 Ohio St.3d 385, ¶ 3, 38 N.E.3d 860.

**{¶13}** The Court in *Rogers* reaffirmed that even if an accused shows the trial court committed plain error affecting the outcome of the proceeding, the appellate court is not required to correct it. *Id.* at ¶ 23. The Supreme Court stated: We have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, 94 Ohio St.3d 21, 759 N.E.2d 1240, quoting *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. *Rogers* at ¶ 23. *Accord, State v. Carr,* 5th Dist. Ashland No. 15-CA-00007, 57 N.E.3d 262, 2016-Ohio-9, ¶ 10-12; *State v. Starr,* 5th Dist. Ashland No. 16-COA-019, 2016-Ohio-8179, ¶ 10-12.

**{¶14}** Patton did not raise plain error. Because Patton does not claim plain error on appeal, we need not consider it. *See, State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 17–20 (appellate court need not consider plain error where appellant fails to timely raise plain-error claim); *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 25, *citing Wright v. Ohio Dept. of Jobs & Family Servs.*, 9th Dist. Lorain No. 12CA010264, 2013-Ohio-2260, ¶ 22 ("when a claim is forfeited on appeal and the appellant does not raise plain error, the appellate court will not create an argument on his behalf"). However, even if we were to consider Patton's argument he would not prevail.

**{¶15}** Patton was indicted and convicted of Attempted Murder in violation of R.C. 2903.02 and 2923.02, a felony of the first degree; Felonious Assault in violation of R.C. 2903.11, a felony of the second degree; Improperly Discharging Firearm at or into a Habitation in violation of R.C. 2923.161, a felony of the second degree; and Having Weapons While Under Disability in violation of R.C. 2923.13, a felony of the third degree. The charge of Attempted Murder was merged with the charge of Felonious Assault, but Patton claims that the charge of Improperly Discharging a Firearm at or into a Habitation should have also been merged.

**{¶16}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence:

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is

true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

* *

An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.*, ¶ 25.

{¶17} The Attempted Murder charge requires that Patton purposely or knowingly engaged in conduct that, if successful, would have purposely caused the death of Hackett. The Improper Discharge count required proof that Patton, without having privilege to do so, discharged a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual. Patton does not dispute the jury's findings that his actions support a finding that he committed both offenses, but claims that the offenses should be merged as they were committed with the same animus, were not committed separately and did not cause separate or identifiable harm.

{¶18} We find sufficient evidence in the record to support a finding that the trial court did not commit plain error by failing to merge the offenses as there are grounds to conclude that the offenses occurred separately. Patton fired four shots at Hackett, but the shots were not simultaneously fired. He fired at Hackett three times while Hackett was on the porch then began to flee when Hackett lunged toward him and gave chase. He fired

a fourth time further west of the porch as Hackett pursued him. Consequently, we find that there were two separate incidents of discharge of the firearm, and while the shots occurred in close proximity and time, they occurred separately. *State v. Heatherington,* 5th Dist. Richland No. 2021 CA 0021, 2022-Ohio-1375, ¶ 113 *appeal not allowed*, 167 Ohio St.3d 1483, 2022-Ohio-2765, 192 N.E.3d 518, ¶ 113. We also find that the record supports a conclusion that the first shots were directed at or into Hackett's home as well as at Hackett, while the fourth shot, fired as Patton fled, was aimed at Hackett. Consequently, if we had considered the merits of Patton's argument, we would still deny the assignment of error

**{¶19}** Patton did not bring this matter to the attention of the trial court, so he was limited to arguing that the trial court committed plain error. Patton did not offer an argument to support plain error and we will not create an argument on his behalf. Patton's assignment of error is denied.

**{¶20}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Wise, John, J. concur.