[Cite as *State v. Cutright*, 2025-Ohio-2507.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case Nos.  24CA000037 & |
| RANDY D. CUTRIGHT, JR. |  | 24CA000038 |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING: Appeal from the Guernsey County Court of Common Pleas, Case Nos. 24CR000099 & 24CR000164

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: July 16, 2025

APPEARANCES:

For Plaintiff-Appellee

MARK A. PERLAKY
Assistant Guernsey County Prosecutor
627 Wheeling Avenue
Cambridge, OH 43725

For Defendant-Appellant

MICHAEL GROH
1938 E. Wheeling Avenue
Cambridge, OH 43725

*Popham, J.,*

{¶1}   Defendant-Appellant Randy Cutright, Jr. ("Cutright") appeals his sentence after a negotiated guilty plea in the Guernsey County Court of Common Pleas. For the reasons below, we affirm.

*Facts and Procedural History*

{¶2}   On May 26, 2024, while on post-release control for a 2023 felony domestic violence conviction, Cutright went to a bar. Sent. T. at 27. Upon leaving the bar, he went to the home of the victim, with whom he had a past relationship. The victim was asleep when Cutright picked the lock and entered her home. *Id.* As the victim attempted to hold the bedroom door shut, Cutright broke it off its hinges, and the door struck the victim in the face. *Id.* at 28. At some point during the struggle, Cutright hit the victim in her face with the palm of his hand. *Id.* Cutright had three prior domestic violence convictions.

{¶3}   On June 11, 2024, Cutright was indicted in Guernsey County Court of Common Pleas, Case No. 24CR000099, for one count of domestic violence, a third-degree felony in violation of R.C. 2919.25(A)/(D)(4), and one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(2)/(D). While in the Guernsey County Jail on these charges, Cutright broke a television set. He was subsequently indicted in Case No. 24CR000164 for one count of vandalism, a fifth-degree felony in violation of R.C. 2909.05(B)(1)(b)/(E).

{¶4}   In exchange for a guilty plea, the State amended the burglary charge from a second-degree felony to attempted burglary, a third-degree felony. On September 25, 2024, a Crim.R. 11(C) and (F) negotiated plea form, signed by Cutright, his attorney, and the assistant prosecuting attorney, was filed. (Docket Entry No. 12). That same day,

Cutright entered guilty pleas to the domestic violence, attempted burglary, and vandalism charges. The trial court ordered a presentence investigation report, and sentencing was deferred.

{¶5} On November 21, 2024, the trial court reviewed the presentence investigation report and heard statements from Cutright, his counsel, and the State. The court heard that Cutright committed these offenses while on post-release control for a 2023 felony domestic violence conviction. Sent. T. at 12. The court also considered Cutright's extensive criminal history, which began when he was a juvenile.

{¶6} The trial court sentenced Cutright to 24 months in prison for the domestic violence count, 24 months in prison for the attempted burglary count, and 9 months in prison for the vandalism count – all to be served consecutively. The trial court also sentenced Cutright to 1 year in prison for the post-release control violation, to be served prior to and consecutive to the other imposed sentences. The aggregate prison sentence was 57 months for the convictions in Case Nos. 24CR000099 and 24CR000164, plus the one year for the termination of post-release control. Sent. T. at 31. The court issued a nunc pro tunc sentencing entry on November 27, 2024, to correct clerical references to post-release control.

*Assignment of Error*

{¶7} Cutright raises one assignment of error for our consideration,

{¶8} "I. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO MERGE THE COUNT OF DOMESTIC VIOLENCE AND THE COUNT OF ATTEMPTED BURGLARY THAT WERE RELATED TO THE SAME INCIDENT."

*Law and Analysis*

{¶9}   Cutright argues the trial court erred in not merging the domestic violence with the burglary conviction pursuant to R.C. 2941.25. He concedes that he did not argue for merging the offenses at the time of sentencing.

{¶10}  R.C. 2941.25, Multiple counts states:

Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11}  In *State v. Rogers*, 2015-Ohio-2459, the Supreme Court of Ohio considered whether multiple convictions resulting from a guilty plea should have been merged at sentencing under R.C. 2941.25.  Rogers raised this issue for the first time on appeal.  *Id.* at ¶ 11.

{¶12}  Upon review of the certified conflict case, the *Rogers* Court clarified the difference between waiver and forfeiture concerning allied offenses.  *Id*. at ¶¶ 19–21.  It rejected the argument that guilty pleas to potentially allied offenses constitute a waiver of protection under R.C. 2941.25.  Instead, the Court held that an accused's failure to seek

merger in the trial court constitutes a forfeiture of the claim for appellate review. *Id.* at ¶ 21. The Court explained:

> [F]orfeiture is the failure to timely assert a right or object to an error, and … an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.

*Id.*

{¶13} However, an accused may raise a forfeited claim on appeal through Crim.R. 52(B), which states that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In clarifying the Crim.R. 52(B) distinction between plain and forfeited error, the *Rogers* Court held:

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.

*Rogers,* ¶ 3. *See also State v. Wolfe*, 2022-Ohio-117, ¶¶ 26–28.

{¶14} Where evidence supporting one criminal count is separate and distinct from the evidence supporting another count, a defendant has the burden to demonstrate to a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate

animus.  *Wolfe,* ¶¶ 35, 38.  So too here, it is Cutright's burden to demonstrate that the convictions were for allied offenses of similar import.

{¶15}  However, even if plain error is shown, the appellate court is not obligated to correct it.  The *Rogers* Court emphasized:

> We have admonished courts to notice plain error "with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice."

*Rogers,* ¶ 23, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).  *See also Wolfe*, ¶¶ 26–28; *State v. Carr*, 2016-Ohio-9, ¶¶ 10–12 (5th Dist.); *State v. Starr*, 2016-Ohio-8179, ¶¶ 10–12 (5th Dist.).

**Issue for Appellate Review**: *Whether the trial court committed plain error by not merging Cutright's convictions as allied offenses.*

{¶16}  In *State v. Ruff*, 2015-Ohio-995, the Supreme Court of Ohio revised its approach to allied offenses, as follows:

> 1. Courts must evaluate three separate factors: the conduct, the animus, and the import; and
>
> 2. Offenses are dissimilar in import if they involve separate victims or cause separate and identifiable harms.

*Ruff,* at syllabus.

{¶17}  The *Ruff* Court further explained:

> If any of the following is true, the offenses cannot merge: (1) The offenses caused separate, identifiable harm; (2) The offenses were

committed separately; or (3) The offenses were committed with separate animus.

*Ruff,* ¶ *25; Wolfe,* 2022-Ohio-117, ¶ 30.

{¶18}  Cutright entered guilty pleas to the charges of domestic violence and attempted burglary.  A plea of guilty constitutes a complete admission of guilt.  Crim. R. 11 (B) (1).  "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570 (1989).

{¶19}  R.C. 2919.25(A), Domestic Violence, provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶20}  As relevant to Cutright's plea in this case, R.C. 2911.11, Burglary, provides,

(A) No person, by force, stealth, or deception, shall do any of the following:

…

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

{¶21}   R.C. 2923.02(A) provides a definition of attempt: "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶22}  In this case, the victim's loss of trust and security in her home was a harm resulting from the attempted burglary, which was committed by Cutright's trespassing in the home with intent to commit any crime.  The victim would have suffered this harm even if the domestic violence did not happen.  Therefore, this harm is separate and identifiable from the physical harm caused by the act of domestic violence.  Domestic violence does not require trespass, and attempted burglary does not require physical harm.

{¶23}  Cutright has failed to demonstrate a reasonable probability that he was convicted of allied offenses of similar import. We find the burglary caused a separate, identifiable harm from the domestic violence, and therefore the offenses do not merge. *See State v. Harris*, 2015-Ohio-5400, ¶ 50 (5th Dist.).

{¶24}  Thus, the trial court did not commit plain error, and did not err at all, in not merging the convictions.  *State v. Earley*, 2015-Ohio-4615, ¶ 16.

{¶25}  Cutright's sole assignment of error is overruled.

{¶26}  The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Popham, J.,

Baldwin, P.J., and

Montgomery, J., concur